IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD A. ROBERTS

                                      CIVIL ACTION

    -VS-

                                        NO.

US AIRWAYS GROUP INC.,
MICHAEL MALONEY,
DAVID KNOEDLER
RAYMOND STACKHOUSE,
RON MORGAN,
LARRY MCLAUGHLIN, and
ROBERT "BOB" CIMINELLI                 JURY TRIAL DEMAND

## COMPLAINT

Plaintiff, Reginald A. Roberts, by and through his attorney, Brian  M. Puricelli, hereby files his Complaint for retaliation, pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C § 1981 (Race Discrimination) and 42 U.S.C. § 2000(e) et. seq. (Employment Discrimination). Plaintiff asserts pendent state claims under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. (Employment Discrimination and aider and abettor liability), and for wrongful termination.

## PARTIES

1.      Plaintiff Reginald A. Roberts is an adult citizen of the United States of America, and a resident of the Commonwealth of Pennsylvania, residing in Berks County, Pennsylvania.

2.      The Defendants are US Airways group Inc., Michael Maloney, David Knoedler, Raymond Stackhouse, Ron Morgan, Larry McLauglin, and Robert (Bob) Ciminelli. Each is believed to reside and be domiciled, or for US Airways Group Inc.,

doing business in and have a principle place of business, in the Commonwealth of
Pennsylvania and City of Philadelphia.

JURISDICTION

3.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question); 28
U.S.C § 1343 (civil rights) and 42 U.S.C. 1983 et seq., Civil Rights Act of 1964 and its
amendments. Venue is proper herein as the cause of action arose in the venue for this
Court. Plaintiff invokes the Court's supplemental jurisdiction over his claim under the
Pennsylvania Human Relations Act and pending state claims.

4.      Plaintiff has satisfied all necessary and appropriate administrative
prerequisites (See attachment Marked Exhibit "A") and this action is commenced within
90 days of the date the right to sue letter was issued.

FACTS GIVING RISE TO CAUSES OF ACTION

5.      Plaintiff incorporates herein the previous averments as if fully set forth in
this paragraph.

6.      Plaintiff Reginald A. Roberts is an African-American male over 40 years
of age who spoke out about a public matter concerning employment discrimination and
improper conduct by employees of the US Airways Corporate Security Department.
Plaintiff reported that racial slurs were being used to describe African-American
employees and that other security persons were engaged in conduct that was illegal under
the criminal, civil and employment Laws of the United States and/or Commonwealth of
Pennsylvania.

7.      Plaintiff was employed by US Airways Group Inc (hereafter US Airways)
as a Corporate Security Manager, on March 30, 2009.  Plaintiff Roberts had a satisfactory

work and performance record while employed and was not written up or given verbal warnings to improve his work behavior or performance.

8.      On or about April 7, 2009 Plaintiff was assigned to work with Corporate Security Managers David Knoedler (White Male/Training Officer) and Michael Maloney (White Male) throughout Airport Ramps and Terminals occupied by US Airways Employees.  Knoedler is one of the US Airways Training Officers that was assigned to train Plaintiff.

**9.**     While responding to the Airport Ramp Areas, Training Officer Knoedler and Corporate Security Manager Maloney advised Plaintiff of tactics they developed to harass US Airways Ramp Employees and strongly encouraged Plaintiff to participate with them.

10.     Training Officer Knoedler and Maloney's harassing tactics included "stopping and trapping" US Airways Employees in airport stairwells who they suspected (without confirmation) of leaving their work assignments prior to completing their assigned shifts.

11.     Knoedler and Maloney were impressed with the Plaintiff's size, height and strength and felt he would be a perfect match to "stop and trap" employees in the stairwells.  Upon arrival at the Airport Ramp Areas, Training Officer Knoedler gestured to an area and stated to the Plaintiff: "This is where the **"COTTON PICKERS"** climb ladders and steal luggage from the baggage belt."

12.  Plaintiff found Training Officer Knoedler's **"COTTON PICKERS"** reference of US Airways Ramp Employees and harassing tactics to be racially motivated, directed at African-American and/or Black Employees of US Airways, and personally offensive.

Thus, the Plaintiff immediately and verbally advised Training Officer Knoedler and Maloney that their harassing tactics and views of US Airways Ramp Employees were civil rights violations, that he strongly opposed them and would not participate in any such activities.

13.     The Plaintiff subsequently reported to Senior Regional Manager McLaughlin that he opposed the harassing tactics and views of US Airways Ramp Employees by Training Officer Knoedler and Corporate Security Manager Maloney.  The Plaintiff further advised McLaughlin that Training Officer Knoedler and Maloney's tactics were harassing and would be violating the civil rights of employees.  McLaughlin agreed with the Plaintiff and stated on multiple occasions in the recent past, that he and Corporate Security Director Ron Russell advised Training Officer Knoedler and Maloney, along with the entire Corporate Security Staff, not to participate or engage in any such activities that would harass or "stop and trap" any US Airways employees in stairwells.  McLaughlin concluded by advising the Plaintiff not to participate or engage in the same activities with Training Officer Knoedler and Maloney.

14.     On or about April 9, 2009 Plaintiff reported and opposed verbally to Training Officer Clyde Cooper that Training Officer David Knoedler (White Male) and Corporate Security Manager Michael Maloney (White Male) targeted other US Airways workers of the African-American/Black race to be harassed and also referred to them as "Cotton Pickers" in Plaintiff's presence.

15.     Plaintiff also reported to Training Officer Cooper that he found Maloney and Knoedler's tactics and "Cotton Pickers" reference to be racially motivated and personally offensive.

16.     Cooper advised Plaintiff not to engage in any work-related activities that would cause a problem and to stay away from Knoedler and Maloney as much as possible because they were racist.

17.     Plaintiff requested Training Officer Cooper to take prompt and appropriate action to stop Maloney and Knoedler, along with getting a schedule change.  Plaintiff asked Cooper if he could arrange to be assigned to work with him as a full-time partner in order to avoid working with Training Officer Knoedler and Maloney.

18.     As a result, Cooper told Plaintiff he would talk to Senior Regional Manager Larry McLaughlin about the situations and see what he could do.

19.     On or about April 13 and 14, 2009 Plaintiff once again verbally opposed and discussed with Training Officer Cooper his opposition to the harassing tactics and "Cotton Pickers" reference directed at African-Americans/Blacks by Training Officer Knoedler and Maloney.  Plaintiff again asked Training Officer Cooper about his requested schedule change to avoid working with Knoedler and Maloney.  Further, Plaintiff rejected efforts by Maloney and Knoedler to engage in conduct that would deprive employees of privacy rights or employment with US Airways and was advised by Cooper, Senior Regional Manager Larry McLaughlin and other Corporate Security Managers not to engage and/or participate in any such activities with Knoedler and Maloney.

20.     David Knoedler and Michael Maloney while employed with US Airways were partnered together and assigned to work with one another on the same shifts.

21.     On April 15, 2009 Plaintiff was assigned by Regional Manager Ron Morgan (White Male) to respond with Michael Maloney to the A-West Terminal of the

Airport to retrieve a videotape.  Once at the A-West Terminal, Maloney again began

discussing ways to harass and punish US Airways Ramp Employees for "playing cards"

during their "down and/or break-times."

22.     The Plaintiff found the majority of the US Airways A-West Employees to

be of the African-American and/or Black race.  The Plaintiff immediately opposed

Maloney's motives and questioned why he wanted to harass the employees during their

"down and/or break-times," especially if they were not doing anything to break the law

and were not in violation of US Airways policies and/or procedures.

23.     In the presence of US Airways Ramp Employees, Maloney became

verbally offensive towards the Plaintiff for opposing the harassing and discriminatory

methods he intended to execute on the A-West Ramp Employees.  Plaintiff immediately

reported the incident to Regional Managers Ronald Morgan and Raymond Stackhouse.

24.     As a result, Morgan and Stackhouse failed to take any action on Plaintiff's

complaint against Maloney.

25.     On the same date, Plaintiff subsequently reported the incident through an

email message to Senior Regional Manager Larry McLaughlin because Morgan and

Stackhouse failed to take action or even address Plaintiff's complaint.

26.     On April 20, 2009 at approximately 6:10 p.m., Senior Regional Manager

McLaughlin called Plaintiff to his office and advised Plaintiff he received the email

message complaint on Corporate Security Manager Michael Maloney.

27.     At that time, McLaughlin asked the Plaintiff about the incident, directed

the Plaintiff to type the complaint in the form of a statement before completing his shift

(6:00 p.m. – 6:00 a.m.) and to slide it under the door to his office.

28.     On April 21, 2009 during the early morning hours, Plaintiff completed the statement complaint prior to completing his shift and placed it under the door to McLaughlin's office as directed.

29.     In an email message dated April 21, 2009 at 7:11 p.m., McLaughlin once again acknowledges Plaintiff's complaint and confirms that Ron Morgan, Ray Stackhouse and Clyde Cooper were notified by the Plaintiff concerning Maloney's actions.  McLaughlin goes further in directing the Plaintiff to address additional issues he had concerning the Plaintiff's complaint.  In an email message dated April 21, 2009 at 8:25 p.m., the Plaintiff addressed the alleged issues as requested by McLaughlin.

30.     On April 24, 2009 Plaintiff was called to report to the US Airways Corporate Security Office and was terminated from employment with US Airways via a Hand Delivered Letter from Senior Regional Manager Larry McLaughlin and Regional Manager Raymond Stackhouse.

31.     Prior to Plaintiff's April 24, 2009 termination, at no time was he ever given written or verbal counseling about poor work performance, a need to improve his working performance, or any work rule violation. However, after Plaintiff was terminated and wrote a letter dated April 27, 2009 to US Airways Vice President of Philadelphia Operations; Robert "Bob" Ciminelli about the termination.  Defendant Ciminelli, on or about May 11, 2009 replied to the Plaintiff that the termination was because "he was not a good match for the position."

32.     Plaintiff's opposition and complaints referenced in paragraphs 8 through 29 and 31 (herein incorporated by reference) were reported, but were not investigated or addressed by Senior Regional Manager Larry McLaughlin, Regional Manager Ron

Morgan, Regional Manager Raymond Stackhouse and Vice President of Operations

Robert "Bob" Ciminelli.

33.     US Airways has a written policy forbidding illegal employment

discrimination and retaliation.

34.     US Airways did not provide Plaintiff with its policy on reporting

employment discrimination or teach Plaintiff the policy for reporting illegal employment

discrimination to the Human Resource Department.

35.     US Airways does not adequately train its employees on the written policy

or follow its written policy profiting illegal employment discrimination because of race,

or retaliation for opposing illegal employment discrimination.  Rather, US Airways has

an illegal employment policy to condone and/or acquiescing to illegal employment

discrimination against employees because of race, and to not taking prompt or

appropriate action to stop illegal employment discrimination because of race. In that US

Airways was noticed by prior complaints and a lawsuit filed by former US Airways

employees Linda McDaniel and Tiffany Salters, as well as the NAACP, of the illegal

conduct by its employees and has failed to investigate and/or take prompt or appropriate

action to end the employment practice.

36.     As a result of Plaintiff's opposition to illegal employment discrimination

because of race, and/or his race, the Plaintiff was terminated.

37.     The decision maker(s) for Plaintiff's termination were Ron Morgan,

Raymond Stackhouse, Larry McLaughlin and Robert Ciminelli, all senior decision maker

managers with US Airways. Each was on notice of Plaintiff's race and/or opposition to

illegal employment discrimination because of race when they made the decision to

terminate the Plaintiff, and each terminated the Plaintiff because of his race and/or opposition to illegal employment discrimination or other illegal conduct of US Airways Corporate Security employees.

38.     Plaintiff's termination was motivated because of race or motivated in part because of his race and /or opposition to illegal employment discrimination.

39.     As a direct and or proximate result, he suffered economic losses, such as; but not limited to lost wages and benefits attendant to the employment.

40.     As a result of the above cited acts, actions, omissions, policies and practices of the Defendants, and others not cited, the Plaintiff has suffered economic losses and personal injury, such as; but not limited to pain and suffering, mental anguish, embarrassment, humiliation and emotional distress.

41.     The Defendants' acts were done because of the Plaintiff's race and to impair his federally secured rights to employment and property. The acts were intentional, contrary to clearly established law, malicious and/or done in reckless disregard for, or in deliberate indifference to the Plaintiff's federally secured rights or state rights that are protected by federal law.

42.     US Airways Group Inc., employs in excess of 500 employees.

43.     Plaintiff on or about July 7, 2009 filed against the Defendants a charge of employment discrimination because of race and for retaliation with the Equal Employment Opportunity Commission (EEOC). The charge was cross-filed with the Pennsylvania Human Relations Commission, and each charge was filed within 300 days of the April 6th & 8th, 2009 opposition and April 24, 2009 retaliatory termination.

COUNT I
Title VII Race Discrimination and Retaliation

44.     Plaintiff incorporates by reference paragraphs 1- 43 above as if there were

fully set forth in this paragraph.

45.     Defendant US Airways is an employer as intended and defined under

federal employment laws, such as 42 USC 2000e and its regulations.

46.     US Airways was for all times related to this action the employer to the

Plaintiff, who is a member of a protected class, viz African-American employee/person

and person who opposed employment discrimination by making a complaint to the

employer and its supervisors and/or Corporate Security Managers of racially based

comments, harassment and actions treating employees differently in terms and conditions

of employment because of race.

47.     US Airways, and the individual Defendants, are in violation of Title VII of

the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq.. In that they denied Plaintiff equal

employment opportunities because of race and retaliated against Plaintiff because of his

opposition to racially based employment discrimination by terminating the Plaintiff's

employment with US Airways.

48.     Defendant's racially based employment discrimination and retaliatory

conduct is done by senior management, thus Plaintiff asserts there is liability under a

"paw" theory against the individual defendants.

COUNT II
42 U.S.C. 1981-Deprive Equal Rights And Hold Property Because Of Race

49.     Plaintiff incorporates by reference the preceding paragraphs herein and as if repeated verbatim.

50.     Defendants US Airways, David Knoedler, Michael Maloney, Ron Morgan, Raymond Stackhouse, Larry McLaughlin and Robert "Bob" Ciminelli, because of Plaintiff's African-American race, denied the Plaintiff of equal employment rights and to hold property, such as employment and/or earnings and benefits from the employment. In that US Airways have not fired whites who too do wish to violate the laws of the Commonwealth of Pennsylvania and United States, or who too report misconduct by employees of US Airways, or who do not "match" in their employment with US Airways. For example, white employees as, but not limited to, Michael Maloney and Dave Knoedler who do not match their job descriptions or duties and have made reports of misconduct by other employees, such as Plaintiff, but who remain employed with US Airways.

COUNT III
42 USC 1985 -Conspiracy To Violate Civil Rights

51.     Plaintiff incorporates the preceding paragraphs herein and as if repeated verbatim.

52.     Defendants US Airways, Knoedler, Maloney, Morgan, Stackhouse, McLaughlin and Ciminelli engaged in a private conspiracy to deprive Plaintiff of his constitutionally protected rights to equal protection of the law.  In that, Maloney with Knoedler spoke about Plaintiff's complaint against Knoedler and Maloney. Maloney then agreed with Knoedler to aid him to discredit the complaint and to cause Plaintiff to be

terminated.  In furtherance of the agreement Maloney obtained writings from Knoedler and provided his own to others to aid in the goal of having Plaintiff terminated and discredited.  Maloney passed the writing to McLaughlin, who then passed the writing to others, such as Ron Morgan, Raymond Stackhouse Robert "Bob" Ciminelli. The writing thereafter was provided to others, such as Karen Gillen, Director & Associate General Counsel of Legal Affairs for US Airways, who then sent the writings to the EEOC. The purpose of which was to cause Plaintiff's EEOC employment discrimination charge to be dismissed as discredited.

53.     As a direct or the proximate result of the conspiracy, the Plaintiff suffered economic damages, personal injury and deprivation of civil rights, such as equal protection of law and employment with US Airways.

COUNT IV

Pennsylvania Human Relations Act - 43 P.S. § 951 et seq.
Discrimination - Retaliation- Aider & Abettor

54.     Plaintiff incorporates the preceding paragraphs herein and as if repeated verbatim.

55.     Defendants US Airways, David Knoedler, Michael Maloney, Ron Morgan, Raymond Stackhouse, Larry McLaughlin and Robert "Bob" Ciminelli discriminated against the Plaintiff because of his race, viz African-American, and they subjected Plaintiff to adverse employment action, viz termination, which termination was motivated by or in part because of Plaintiff's race and/or opposition to illegal employment discrimination.

56.     Defendants US Airways, David Knoedler, Michael Maloney, Ron Morgan, Raymond Stackhouse, Larry McLaughlin and Robert Ciminelli aided and

12

abetted the employers' policy to discriminate in employment because of race or to retaliate because of opposing race-based discrimination.

57.     Defendants retaliated against the Plaintiff for opposing illegal employment race discrimination in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

58.     US Airways has a policy to discriminate in employment and employment opportunities, and to retaliate against those who engage in activities protected under the Pennsylvania Human Relations Act, and Defendants aided and abetted the policy.

COUNT V
Wrongful Termination- Pubic Policy

59.     Plaintiff incorporates the preceding paragraphs herein and as if repeated verbatim.

60.     US Airways received funds through work/contracts with the United States Government.

61.     US Airways as a result of the funding from a public entity is therefore a public employer and/or employer obligated to not discriminate or retaliate against employees who report malfeasance, misfeasance and wasteful and/or dangerous acts.

62.     Plaintiff reported wrongdoing, misfeasance, malfeasance and acts by US Airway's employees and officers, which included defendant Michael Maloney and employee David Knoedler, which conduct places the public and air travelers in danger.

63.     Plaintiff's act of reporting wrongdoing by US Airways Company and its employees was a protected activity under established Commonwealth of Pennsylvania public policy.

64.    Plaintiff was discharged from his employment for making good faith reports of wrongdoing.

65.    As a result of the wrongful termination, done in retaliation for reporting wrongdoing, the plaintiff sustained economic damages; to wit, wages, pension and medical benefits.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for the following relief:

a)    back and front pay, plus benefits value loss and negative tax impact damages;

b)    an order requiring Defendant to reinstate the Plaintiff to his prior position;

c)    an award of compensatory damages;

d)    an award of attorney's fees and costs; and

e)    Punitive damages;

f)    such other make-whole relief the Court deems appropriate or proper, including but not limited to placing the Plaintiff in the economic position he would be in before the discriminatory acts.

Date:   05/13/2010

Respectfully submitted,

By:_____s/ BMP3198
       BRIAN M. PURICELLI
       691 Washington Crossing Road
       Newtown, PA  18940
       215-504-8115   Fax: 215-504-8116
       Email:  puricellib@comcast.net
       Counsel for Plaintiff Roberts